Hall, Judge.
It is agreed by the counsel in this case, that the only question now to be decided, is, whether a writ of restitution ought to issue or not. It appears that the lease, under which Parham claims the land, has expired : He therefore cannot be put in possession by this writ, and no other person can have the benefit of it. For this reason, therefore, I think it ought not to issue.
Taylor, Judge.—
Various objections have been made to the awarding of a writ of restitution in the present case; they relate either to the power and jurisdiction of the court, or to the legality and fitness of exercising such a power, under the several exceptionable aspects in which this case has been presented.
The legitimate authority of the superior courts is to be sought for in the act by which they are established, in the declaration of rights and the constitution, in the theory and frame of our Government, and in the result of a legal and regulated analogy to the courts of a similar construction, in the country whence our municipal law is derived. By the act of 1777, the superior courts are invested with cognizance of all pleas of the State, and criminal matters, of what nature, degree or denomination soever; whether brought before them by original or mesne process, or by certiorari, writ of error, appeal from any inferior court, or by any other ways or means whatsoever. The same powers and authorities which were exercised by any former judges in this ter *338 ritory, are likewise accorded to them, with the exception of those cases wherein the act has otherwise directed, and of those where the form of government and constitution have opposed barriers, to the ancient jurisdiction. The words of the act are manifestly comprehensive enough to include a power of administering complete relief, under the statutes of forcible entries, unless the kind of relief provided by them shall appear to be incompatible with the provisions of our bill of rights. But I cannot discern that the least invasion will be made of the constitutional rights of a citizen, by awarding a writ of restitution. It is certainly true, that no jury has passed upon the defendant’s property; and if issuing this writ amounted to a decision upon that, it might be fairly argued that he was condemned unheard. But the law has declared, that whosoever enters upon the possession of another, with circumstances of violence and terror, shall, upon conviction, pay a fine to the State, and be deprived of the possession which he has thus wrongfully acquired. It is no protection to the wrong doer, that he had a right to the freehold or possession, or that he had before been unlawfully deprived of them ; for the person who has used such violent methods of doing himself justice, is alike criminal with him who has not even the pretence of a right to assert. It was to guard the public peace, and to prevent the strong from forcibly ejecting the weak, that the several statutes upon this subject have been passed ; and these objects are most effectually attained, when to a fine, is superadded a wait of restitution ; thereby holding out to the offender, the absolute inutility of a possession acquired by forbidden means. Still, however, the right of possession, or of property, is not concluded ; for the defendant may have recourse to those methods of esta *339 blishing them which the law has provided. The jury having found that the possession was obtained by force, the legal consequence is, that the defendant is to be deprived of it for that reason, and the party complaining to be restored, he being the person through whom the constitution has been violated ; for he has been deprived of his possession without a trial by jury, and without the sanctions of the law of the land. If the superior courts may entertain jurisdiction of indictments upon these statutes, and this they have done both before and since the revolution, then the act of 1777 contains an express provision which warrants them " to issue execution and all other necessary process thereupon.” The latter words evidently embrace a writ of restitution, without which, the justice held out by the statutes cannot be completely dispensed.
The extent of jurisdiction in criminal cases, both original and appellate, given to the superior courts by the act of 1777, and others subsequently passed, produces to a certain degree an analogy between these courts and others, whose jurisdiction can only be taken away by express negative words. And under such restrictions and qualifications as the constitution and principles of our government, as well as the arrangement of our judicature impose, the following description will apply to the superior courts : “ That they may proceed as well on indictments found before the other courts, and removed into them by certiorari, as on indictments originally commenced in them, whether the courts before whom such indictments were found, be determined or suspended, or still in effe, and whether the proceedings be grounded on the common law, or on some statute making a new law concerning an old offence, and appoint *340 ing certain justices to execute it, as the statutes of forcible entries, &c ” 2 Haw. Pl. B. 2, c. 3, f. 3,6. From these considerations, I am inclined to believe, that the power of awarding a writ of restitution, is one of those which the superior courts may rightfully exercise.
I will now give my opinion upon the specific objections which have been made to the exercise of the power in the present case.
I apprehend that the first exception cannot be supported. " The term messuage is sufficiently certain and intelligible : by the grant of a messuage, the orchard, garden and, curtilage will pass.” Co. Litt. 5, b, and so by the devise of a messuage, though cum pertinentiis be not added. Cro. Eliz. 89, b. In an indictment for forcible entry and detainer, it is necessary to set forth the quality of the thing entered upon, as into a messuage, meadows, wood, &c. for entering into tenements generally is not good, because of the uncertainty. 2 Roll’s Rep. 48. But some of the authorities, shew, that the kind of possession of which the restitution is sought, should be stated with such certainty, as to evince that it is authorised by some one of the statutes. The present indictment will not warrants restitution on the 8 Hen. 6, because it does not state that the place wherein the force was committed was the freehold of the party grieved, at the time of such force. Latch’s Rep, 109. Nor are there any words in this indictment which necessarily imply that fact, as that the defendant disseised Isaac Hunter, which would be impossible, unless the freehold were his at the time of the force committed. 1 Haw. 284, f. 38. And if this point should be rendered doubtful by the contrariety of authorities. Yelvert 28, still, it is *341 necessary, to sustain this application, that the defendant should have been charged with putting out and expelling Isham Parham, and disseising Isaac Hunter. Yelvert 165. The disseisin is the main point in such an indictment and must be set forth in substance. 2 Roll's Ab. 80. But it is admitted by the counsel for the State, that this indictment is not grounded on 8 Hen. 6, but is maintainable on the 21 Jac. in support of which it is argued, that the word term, technically, signifies a lease for years, and that under the latter statute, a tenant for years is entitled to restitution. Upon this point, the authorities are clear and explicit, that the indictment must state that the party was possessed of a term for years ; and that possession, simply, or the possession of a term, is not sufficient; since, in the first case, it may be understood that he was tenant at will, and in the latter, that he was possessed for term of life. 1 Ventris 306. I think it so plain, that upon this objection a writ of restitution ought not to be awarded, that it is unnecessary to give an opinion upon the rest.
Motion denied.